FILED
July 14, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003631135

THE SUNTAG LAW FIRM
A Professional Corporation
DANA A. SUNTAG (California State Bar No. 125127)
LORIS L. BAKKEN (California State Bar No. 215033)
The Kress Building
20 North Sutter Street, Fourth Floor
Stockton, California 95202
Telephone: (209) 943-2004
Facsimile: (209) 943-0905

Attorneys for Chapter 7 Trustee
ALAN S. FUKUSHIMA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

IN RE:

LINDY BRANDEN CULP and
ROBIN SARA LACK,

Debtors.

NO: 11-30124-D-7

DC No.: SLF 3

MOTION FOR AUTHORIZATION TO SELL THE ESTATE'S INTEREST IN PROPERTY

Date: August 17, 2011
Time: 10:00 a.m.
Place: Department D
Honorable Robert S. Bardwil

      Chapter 7 Trustee Alan S. Fukushima respectfully moves for authorization to sell the estate's interest in certain property as set out below.

      Under the proposed sale, Debtors Lindy Branden Culp and Robin Sara Lack will buy all of the estate's interest in the property for $12,628.00.

      The Trustee believes the sale is in the best interests of the creditors and this Court should approve it pursuant to Bankruptcy Code Section 363(b).

      The Trustee represents the following:

      1.    On April 24, 2011, the Debtors filed this case. Mr. Fukushima was appointed Chapter 7 Trustee.

MOTION FOR AUTHORIZATION TO
SELL THE ESTATE'S
INTEREST IN PROPERTY    1

2. The Debtors scheduled an interest in property of the bankruptcy estate (the "Property") as follows:

   a. The Debtors scheduled real property located at 2425 Briarton Drive, Lincoln, California 95648 (the "Real Property"). They valued the Real Property at $225,000 and listed the secured debt on it at $191,272.44. The Debtors claimed an exemption in the Real Property of $11,300 under California Code of Civil Procedure Section 703.140(b)(5). On June 10, 2011, the Debtors amended their Schedules to value this Real Property at $207,000, list secured debt on it of $191,000, and claim an exemption in it of $11,300 under Section 703.140(b)(5).

   b. The Debtors scheduled firearms including Remington 597 .22 Rifle, Glock 19 9 MM Handgun, Savage .17HMR Rifle with scope, Keltec .223 caliber rifle, Smith & Wesson .22 Handgun. They valued the firearms at $2500 and claimed an exemption in them of $1450 under Section 703.140(b)(6), and $1050 under Section 703.140(b)(5). On their June 10, 2011 amended schedules, the Debtors listed the following firearms (the "Firearms"), which they value at $1775 and claim an exemption in them of $1,371.54 under Section 703.140(b)(5):

   i. KelTec .223 Rifle.
   ii. Ruger LCP handgun.
   iii. Glock 19 handgun.
   iv. Glock 36 handgun.
   v. Remington model 597 rifle .22 caliber.
   vi. S&W .38 revolver.
   vii. S&W .22 revolver.

   c. 1962 Cessna 182E-N9243X airplane (the "Cessna"), in which the Debtors own a one-half interest. The Debtors valued their interest in the airplane at $8,250 and claimed an exemption in it of $7425 under Section 703.140(b)(5). On their June 10, 2011 amended schedules, the Debtors value their interest in the airplane at $10,000 and claim an exemption in it of $7,425 under Section 703.140(b)(5).

3. The Trustee wishes to liquidate the Property and obtain the maximum value for the estate. The Trustee entered into negotiations with the Debtors, through their attorney. (Fukushima Decl. ¶ 4).

4. As a result of the negotiations, the Trustee and the Debtors reached an agreement under which the Debtors will buy the estate's interest in the Property for $12,628 (the "Purchase Amount"). Debtors have paid the Purchase Amount which will be nonexempt property of the estate, and the parties have entered into a proposed sales agreement documenting this (collectively, the "Sale"). (Fukushima Decl. ¶ 5, Ex. A).

5. The Sale is conditional on Bankruptcy Court approval of this motion and the Trustee is amenable to overbidding at the hearing on terms that are agreeable to this Court. (Fukushima Decl. ¶ 6).

6. Bankruptcy Code Section 363(b) provides that a trustee, after notice and a hearing, may sell property of the bankruptcy estate other than in the ordinary course of business.

7. The Trustee believes the Sale is in the best interests of creditors since the estate otherwise would incur additional fees and costs to apply for court authorization to employ an auctioneer and sell the Firearms and the Cessna at public auction, and to employ a real estate broker to sell the Real Property. (Fukushima Decl. ¶ 7).

WHEREFORE, the Trustee respectfully requests that the Court grant this motion and that it grant such further and other relief as may be just and proper.

Dated: July 3, 2011

THE SUNTAG LAW FIRM
A Professional Corporation

By: /s/ Dana A. Suntag
DANA A. SUNTAG
Attorneys for Chapter 7 Trustee
ALAN S. FUKUSHIMA